PIERSON W. McNAIL AND MARTHA J. McNAIL

v.

ANDREW WELCH.

*Foreclosure—Usury—Commutation of Amount due on Note—Reversal for Error in Remittitur—Mistake in Amount of Note—Practice.*

1. This court reverses a decree of foreclosure on the ground that it does not satisfactorily appear that a *remittitur*, filed by the complainant, will correct an error in the amount of the decree.

2. While this court is not inclined to disturb the finding of the court below on the question whether there was a mistake in the amount of the note sued on, it is suggested that either party should be allowed to introduce further evidence on that issue, if desired, upon the rehearing.

[Opinion filed January 8, 1887.]

APPEAL from the Circuit Court of Washington County; the Hon. GEORGE W. WALL, Judge, presiding.

Mr. J. M. DURHAM, for plaintiff in error.

Messrs. A. H. CARTER and W. S. FORMAN, for defendant in error.

A higher court will be very cautious in disturbing a judgment solely on the ground of its being against the weight of testimony.   Bishop v. Busse, 69 Ill. 403; Sturman v. Streamer, 70 Ill. 188; Illinois & St. L. R. R. Co. v. Ogle, 92 Ill. 353.

Defendant in error files herewith his remittitur for $25, which cures the only error in the record.   It has been repeatedly held that the higher court will not reverse a judgment on this account when a remittitur is filed.   Cheney v. City National Bank, 77 Ill. 562;  Pixly v. Boynton, 79 Ill. 351; Convey v. Sheldon, 1 Ill. App. 555;  People v. Steele, 7 Ill. App. 20.

WILKIN, P. J.   On the 10th day of May, 1882, plaintiffs in error executed to defendant in error their deed of mortgage of that date, to secure the payment of a promissory note then made by the said Pierson W. McNail, for $1,250, due three years after date, with eight per cent. interest from date, and if not paid within three days after due the maker to pay two per cent. damages.   This is a proceeding in chancery to foreclose that mortgage.   The answer admits the execution of the mortgage and note, but avers that the note was given in renewal of another note, and that by mistake a payment which had been made on the former note of $1,000 was not deducted, and also pleading usury.

The court below found for defendant in error on the issue of payment and against him on the issue of usury, and adopting a computation by the Master in Chancery rendered a decree of foreclosure, as prayed in the bill, for $1,025.

The errors assigned are: 1st. That the Circuit Court erred in its finding on the issue of payment; 2d. The Circuit Court erred in finding $1,025 due, and decreeing that amount in favor of defendant in error.   It is admitted by defendant in error that this last error is well assigned, but he seeks to avoid a reversal on that ground by filing a remittitur in this court of $25.   It is also conceded that the court below found correctly on the issue of usury, and that defendant in error was only entitled to a decree for the amount of the principal of said note, less the payments made thereon.   Therefore in de-

termining whether or not the remittitur will reduce the decree to the proper amount, (assuming that the finding is correct on the issue of the payment of $1,000,) it is only necessary to ascertain, if we can, what payments were made after this note was given. On the back of the note appears the following indorsements made in the following order:

May 10, 1883, interest paid to this date; March 16, 1884, received on principal $25; November 17, 1884, received $80, on interest; May 10, 1884, all interest paid to this date. If these indorsements correctly state the account between the parties, the amount of all the payments may be readily obtained by computation. The interest to May 10, 1883, was $100; to March 16, 1884, when $25 was paid on principal, $85; to May 10, 1884, on $1,225, $14.96, which, with the $80 paid November 17, 1884, makes the total amount of interest paid, $280.46, and this sum added to the $25 paid on principal March 16, 1884, gives the total amount of the payments, $305.46, and $80.46 more than was allowed by the court below. It is true that plaintiff in error McNail, on cross-examination, only mentions payments amounting to $250, but he gives amounts wholly differing from those indorsed on the note, and does not say that the payments he mentions were all he made. For instance, he states that he gave a mare at $150 at one time. No such payment appears on the note, nor does defendant in error deny it. On the contrary, he says the $25 credited on the principal was paid at the same time he got the mare. Nor does he or any other witness undertake to explain how the $150 was applied, if credited. It may be that the several indorsements on the note are susceptible of an explanation consistent with the assertion of counsel that only $250 was paid, but without such explanation the record does not sustain it. There seems to have been very little effort on the hearing to get at the payments with any degree of certainty, perhaps for the reason that other issues were then deemed more important. At least the evidence, as it appears from the record before us, is so uncertain and unsatisfactory that we can not undertake to state the account between the par-

ties; and holding that it does not satisfactorily appear that the remittitur filed will correct the error in amount, the decree must be reversed and the cause remanded. Recognizing the superior opportunity of the Judge who heard the case in the Circuit Court to settle the issues of fact, so far especially as they rest in oral testimony, we should not feel inclined to disturb his finding on the question as to whether there was a mistake in the amount of the note sued on, resulting from an omission to credit the alleged payment of $1,000 or $1,010, as it is said in the evidence. It can not, however, be denied that the evidence strongly tends to show that a payment of some amount was made about the time alleged, of which no account was taken when this note was executed. Of course all the presumptions arising from the transactions between the parties strongly corroborate the defendant in error, and we are not to be understood as expressing any opinion on this question of fact, farther than to say that inasmuch as the cause must be remanded either party should be allowed to introduce further proof on this issue, if they so desire, upon the rehearing.

